UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

CEMENT AND CONCRETE WORKERS DISTRICT
COUNCIL WELFARE FUND, PENSION FUND,
ANNUITY FUND, EDUCATION AND TRAINING
FUND AND OTHER FUNDS, SILVANA BALDO
in her fiduciary capacity as Administrator of the
Cement and Concrete Workers District Council Welfare
Fund, Pension Fund and Annuity Fund, and
ALEXANDER J. CASTALDI as President of the
Cement and Concrete Workers District Council and in
his fiduciary capacity as a Trustee of the Education and
Training Fund

**MEMORANDUM AND ORDER**
Case No. 07-CV-4639 (FB) (JO)

    Plaintiffs,

 -against-

PILE FOUNDATION CONSTRUCTION COMPANY,
INC., and ANTHONY RIVARA,

    Defendants.
------------------------------------------------------------------x

*Appearances:*
*For the Plaintiffs:*
JOSEPH S. KAMING, ESQ.
Kaming & Kaming
l56 East 65th Street
New York, New York 10021

**BLOCK, Senior District Judge:**

    On November 6, 2007, plaintiffs (the "Funds") filed a complaint seeking recovery of unpaid benefit contributions, an audit of defendants' records, a permanent injunction prohibiting defendants from violating the terms of the collective bargaining agreement ("CBA") between the parties, attorneys fees, costs and interest. As defendants, after being duly served, have failed to respond to the complaint or otherwise defend against the action, *see* Docket Entry #5 (Clerk's Entry

of Default dated February 27, 2008), the Funds now move for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

The Funds allege that they represent employees in an industry affecting interstate commerce. The Funds also allege that Pile Foundation Construction Company ("Pile") employed such employees and executed a CBA; pursuant to the CBA, Pile owes the Funds unpaid contributions. *See* Compl. ¶ 8-10. It is also alleged that Anthony Rivera is a principal of Pile and is personally liable pursuant to the CBA. *See id.* at ¶ 9.

These allegations – deemed admitted – are sufficient to establish a breach of the CBA and, by extension, a violation of the Employee Retirement Income Security Act of 1974 ("ERISA") and Labor Management Relations Act ("LMRA"). *See* 29 U.S.C. § 1145 (ERISA) ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."); 29 U.S.C. § 185(a) (LMRA) ("Suits for violation of contracts between and employer

2

and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ."). Thus, plaintiffs' motion for entry of a default judgment is granted.

The matter is referred to the assigned magistrate judge for determination of the relief to be awarded under 29 U.S.C. § 1132(g)(2) and the LMRA, as well as any additional damages owed to plaintiffs stemming from defendants' breach of the CBA.

**SO ORDERED**.

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 25, 2008